# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO.   7:20-CV-253 |
| | § | |
| 2.574  ACRES OF LAND, MORE OR | § | |
| LESS, SITUATE IN STARR COUNTY, | § | |
| STATE OF TEXAS;  AND OCIEL | § | |
| MENDOZA, *et al.* | § | |
| | § | |
| *Defendants.* | § | |

_____

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER F.R.C.P. 26(f)

_____

1.   **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

Pursuant to Rule 26(f) Federal Rules of Civil Procedure Roland D. Ramos, Assistant United States Attorney on behalf of the United States, and Cynthia Contreras Gutierrez, and Lucia Thompson, attorneys for Defendant, Martha Mendoza conferred via telephone on October 20, 2020 and October 26, 2020, and via email on October 27, 2020 and October 29, 2020.

Roland D. Ramos, Assistant United States Attorney on behalf of the United States, has been unable to confer with *pro se* Defendant Ociel Mendoza despite multiple attempts at his known telephone number. Additionally, the United States has not yet been able to effect service on Mr. Mendoza. The United States has previously been in contact with Mr. Mendoza and he is aware of this case and has the documents filed in this case. Mr. Mendoza also previously informed the United States that he would sign and return the waiver of service of judicial process in this case. However, Mr. Mendoza has not returned the signed waiver of service, negotiations have stalled, and he has ceased cooperating with the United States in this matter. The United States is therefore currently attempting to effect service upon him via process server.

Roland D. Ramos, Assistant United States Attorney on behalf of the United States, has conferred with counsel for the Department of the Treasury-Internal Revenue Service (IRS), however, the IRS will not participate in the drafting of this case management plan at this time as it has only recently been served in this case. Counsel for the IRS intends to file an

answer in the near future once he obtains information relevant to this case. Additionally, the United States advises the Court that the Defendant landowners have previously confirmed that they are not disputing the lien held by the IRS.

2.  **State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

    The United States and Defendant Martha Mendoza will provide initial disclosures pursuant to Rule 26(a)(1)(A) prior to the Initial Pretrial and Scheduling Conference set for November 10, 2020.

    The United States does not know when or if Defendant Ociel Mendoza intends to provide initial disclosures in this action as he has ceased cooperating with the United States and he has not participated in the drafting of this case management plan.

    Additionally, the United States does not know when or if the IRS intends to provide initial disclosures as it was only recently served in this matter and has not participated in the drafting of this case management plan.

3.  **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

    None at this time.

4.  <u>Briefly</u> **describe what this case is about.**

    This is a civil action brought by the United States of America under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property under the power of eminent domain through a Declaration of Taking, and for the determination and award of just compensation to the owners and parties in interest.

5.  **Specify the allegation of federal jurisdiction.**

    The United States alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358.

6.  **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

    None.

7.   **List anticipated additional parties that should be included, when they can be added, and by which parties desires their inclusion.**

   None.

8.   **List anticipated interventions.**

   None.

9.   **Describe any class-action issues.**

   None.

10.   **Describe the discovery plan proposed by the parties, including:**

   A.   **What changes should be made in the timing, form or requirement for disclosures under Rule 26(a)?**

      None.

   B.   **When and to whom the plaintiff anticipates it may send interrogatories?**

      The United States anticipates sending interrogatories to the Property Owners after entry of the Court's Scheduling Order.

   C.   **When and to whom the defendant anticipates it may send interrogatories?**

      Defendant Martha Mendoza anticipates sending interrogatories and request for production to Defendant Ociel Mendoza thirty days after entry of the Court's Scheduling Order.

      The United States does not know whether Defendant Ociel Mendoza anticipates sending interrogatories as he has not participated in the drafting of this case management plan.

      Additionally, the United States does not know whether the IRS anticipates sending interrogatories as it was only recently served in this matter and has not participated in the drafting of this case management plan.

   D.   **Of whom and by when the plaintiff anticipates taking oral depositions?**

      The United States anticipates taking the depositions of the Property Owners' fact witnesses and other relevant witnesses prior to the end of the discovery period, assuming no delays in written discovery and subpoenas, if any.

**E.  Of whom and by when the defendant anticipates taking oral depositions?**

Defendant, Martha Mendoza, anticipates taking the deposition of Ociel Mendoza and other relevant witnesses prior to the end of the discovery period, assuming no delays in written discovery and subpoenas, if any.

The United States does not know whether Defendant Ociel Mendoza anticipates sending interrogatories as he has not participated in the drafting of this case management plan.

Additionally, the United States does not know whether the IRS anticipates sending interrogatories as it was only recently served in this matter and has not participated in the drafting of this case management plan.

**F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports?**

The defendants have the burden of proof regarding the issue of just compensation in this action. The United States is not opposed to designating experts and providing expert reports required by Rule 26(a)(2)(B) on the same date as Defendants. The United States and Defendant Martha Mendoza agree, subject to the Court's approval, to designate experts no later than May 30, 2021. These parties request that the Court set an additional deadline in its Scheduling Order for rebuttal experts.

The United States does not know when or if Defendant Ociel Mendoza will be able to designate experts as he has not participated in the drafting of this case management plan.

Additionally, the United States does not know when or if the IRS will designate experts as it was only recently served in this matter and has not participated in the drafting of this case management plan.

**G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

The defendants have the burden of proof regarding the issue of just compensation in this action.

The Defendant, Martha Mendoza, anticipates taking the deposition of any expert designated by the United States by the end of the discovery period as designated by the Court in its Scheduling Order.

The United States does not know whether Defendant Ociel Mendoza anticipates

taking expert depositions as he has not participated in the drafting of this case management plan.

Additionally, the United States does not know whether the IRS anticipates taking expert depositions as it was only recently served in this matter and has not participated in the drafting of this case management plan.

**H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

The United States anticipates taking the deposition of any expert designated by Defendants to be completed by the end of the discovery period as designated by the Court in its Scheduling Order.

**I.  All other matters raised in Rule 26(f).**

Not Applicable.

**11.  If the parties have not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The United States and Defendant Martha Mendoza are in agreement on the discovery plan.

The United States does not know the positions of Defendant Ociel Mendoza as he has not participated in the drafting of this case management plan.

Additionally, the United States does not know the position of the IRS as it was only recently served in this matter and has not participated in the drafting of this case management plan.

**12.  Specify the discovery beyond initial disclosures that has been undertaken to date.**

The United States and the Defendant landowners have communicated regarding the location of the border barrier, the design of the border barrier, and gate access within the fence swath, as well as just compensation.

**13.  State the date the planned discovery can reasonably be completed.**

The United States and Defendant Martha Mendoza anticipate that discovery can be reasonably completed by August 30, 2021.

The United States does not know Defendant Ociel Mendoza's position or the position of the IRS on this matter as they have not participated in the drafting of this case management plan.

14.  **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The United States has conferred with Defendant, Martha Mendoza, and she is agreeable regarding the issue of possession of the subject property. Additionally, these parties have had productive discussions regarding the issue of compensation and have agreed upon a sum certain to be paid for the subject property.

Defendants, Martha Mendoza and Ociel Mendoza, have previously advised the United States that they are not disputing the lien held by the IRS.

The United States advises the Court, however, that while negotiations initially progressed well with Defendant, Ociel Mendoza, negotiations have since stalled and he has ceased working with the United States. The United States is hopeful that negotiations can resume and this matter can be resolved with all parties prior to the time of trial.

15.  **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The United States and Defendant, Martha Mendoza, have agreed to a scheduling order that requires expert reports be completed on a certain date. On or before their completion, the parties will resume settlement negotiations in detail.

Prior to filing suit, on April 29, 2020, a value letter and offer to sell were mailed to Ociel Mendoza.

On May 15, 2020, a Realty Specialist with the U.S. Army Corps of Engineers (USACE) went to Ociel Mendoza's office and met with him regarding the offer to sell. Mr. Mendoza expressed concern because he had several improvements within the subject property that would need to be accounted for and USACE requested he obtain a cost estimate for the value of the improvements. Mr. Mendoza agreed to provide a cost estimate.

As of June 3, 2020, USACE had not received a response from Mr. Mendoza regarding an estimate.

Condemnation was subsequently recommended due to the inability to successfully negotiate the acquisition of the subject property.

On June 23, 2020, AUSA Roland D. Ramos contacted Mr. Mendoza to continue negotiations and discuss the acquisition of the subject property. Mr. Mendoza expressed a willingness to negotiate but stated that his improvements on the property needed to be accounted for. AUSA Ramos requested estimates for the cost of the improvements and Mr. Mendoza indicated it would take him about two weeks to provide an estimate.

On July 23, 2020, AUSA Ramos contacted Mr. Mendoza to follow up regarding the improvement estimates and continue negotiations. Mr. Mendoza had not yet obtained an

estimate but indicated that he would be agreeable to the taking if his improvements were sufficiently accounted for. He stated that he would call to get an estimate and then respond.

On July 27, 2020 AUSA Ramos contacted Mr. Mendoza to continue negotiations. Mr. Mendoza was able to provide an estimate for the cost of his improvements on the subject property and requested AUSA Ramos provide a response. After further discussions, the United States and Mr. Mendoza were able to reach an agreement as to the amount of just compensation to be paid for the subject property, however, after several attempts between July 27, 2020 and August 12, 2020, this agreement could not be reduced to writing.

On August 12, 2020, the United States contacted Martha Mendoza, and determined that based on the date of marriage between Ociel Mendoza and Martha Mendoza, the subject property was community property. Mrs. Mendoza further informed the United States that she and Ociel Mendoza are in the process of a divorce, which has been ongoing for about two years. Mrs. Mendoza provided that she would be in agreement as to the amount agreed upon with Mr. Mendoza but she would need to discuss with her attorney. She then provided her attorney's information and AUSA Ramos subsequently had a call with her attorney, Cynthia Gutierrez. Ms. Gutierrez advised the United States regarding the divorce and confirmed that the property is community property and Mrs. Mendoza is in agreement with the taking based on the amount previously agreed upon with Mr. Mendoza.

On August 13, 2020, AUSA Ramos communicated with Ms. Gutierrez via email regarding the offer to sell for the subject property.

On August 14, 2020, AUSA Ramos and Ms. Gutierrez continued discussions and she confirmed that her client and Mr. Mendoza would be in agreement at the agreed upon amount. Additionally, she advised that the lien held by the Internal Revenue Service (IRS) was still active, and the Defendant landowners would want it to be paid off with the proceeds from the condemnation because they are not disputing the lien.

On August 18, 2020, AUSA Ramos and Ms. Gutierrez spoke regarding the IRS lien and Ms. Gutierrez requested an offer to sell be sent over including language that the IRS lien would be paid off from the proceeds of the condemnation. AUSA Ramos subsequently emailed an updated offer to sell to Ms. Gutierrez.

On August 25, 2020, AUSA Ramos emailed Ms. Gutierrez to follow up on the offer to sell. Ms. Gutierrez provided an update stating that she had filed a motion in the divorce proceedings so that she could request that court order Ociel Mendoza execute the offer to sell.

On August 31, 2020, AUSA Ramos called Ms. Gutierrez to continue discussions. She stated that they have a court date for the divorce proceedings and provide an update following the hearing. AUSA Ramos advised that condemnation would likely need to be filed in order to resolve pending lien issues.

This action was subsequently filed on September 1, 2020. Since that time, the United States has continued to work with Martha Mendoza through her attorney and she is agreeable to a sum certain and possession. The United States has been unable to continue negotiations with Ociel Mendoza, however, as he has ceased nearly all communications with the United States.

The United States has previously discussed the filings in this case with Ociel Mendoza and he indicated he would provide the waiver of service as well as agree to possession and a sum certain compensation, however he has not followed through to date. The United States has therefore proceeded to attempt to effect service upon Mr. Mendoza via process server. The United States has additionally continued attempts to negotiate this matter with Mr. Mendoza.

Although the parties have not been able reach a settlement in this matter, the United States agrees to continue negotiations and communications in an attempt to resolve this matter prior to a trial.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The United States and Defendant, Martha Mendoza, do not think alternative dispute resolution in the form of formal mediation is applicable at this stage given the unique issues in federal land condemnation cases. However, these parties do believe that an informal settlement conference between the parties is suitable once the parties have exchanged expert reports. If an informal settlement conference is not fruitful, perhaps a more formal mediation would be appropriate.

17. **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The United States and Defendant, Martha Mendoza, do not agree to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

The United States makes no demand for a jury trial.

None of the Defendants have made a demand for a jury trial.

19. **Specify the number of hours it will take to present the evidence in this case.**

The parties anticipate that it will take no more than 24 hours to try this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

    It is possible rebuttal experts may be needed in this matter. The United States requests that the Court set a rebuttal expert deadline for forty-five (45) days after the date of the mutual expert report exchange.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.**

    The United States filed a Disclosure of Interested Parties with the Court on September 16, 2020.

    Defendant Martha Mendoza filed a Disclosure of Interested Parties with the Court on October 19, 2020.

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

    COUNSEL FOR PLAINTIFF:

    ROLAND D. RAMOS
    Assistant United States Attorney
    Southern District of Texas No. 3458120
    Texas Bar No. 24096362
    1701 W. Bus. Highway 83, Suite 600
    McAllen, TX 78501
    Telephone:  (956) 618-8010
    Facsimile:  (956) 618-8016
    E-mail: Roland.Ramos@usdoj.gov
    Attorney in Charge for Plaintiff

    COUNSEL FOR DEFENDANT MARTHA MENDOZA:

    CYNTHIA CONTRERAS GUTIERREZ
    Southern District of Texas No. 13321
    Texas Bar No. 08640550

1302 S. 10th Ave.
Edinburg, Texas 78539
Telephone:  (956) 683-0057
Facsimile:  (956) 683-0059
E-mail:  cynthia@ccglaw.net
LUCIA THOMPSON
Southern District of Texas No. 31612
Texas Bar No. 24025677
2724 West Canton Road
Edinburg, Texas 78539
Telephone:  (956) 318-0507
Facsimile:  (956) 318-0575
E-mail:  lthompson@pgtlawfirm.com

DEPARTMENT OF THE TREASURY-INTERNAL REVENUE SERVICE

*PRO SE* DEFENDANTS:

Ociel Mendoza
Rio Grande City, Texas 78582

Ameida Salinas
Starr County Tax Assessor-Collector
Rio Grande City, Texas 78582


Respectfully  submitted,

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

By:     *s| Roland D. Ramos*
**ROLAND D. RAMOS**
Assistant United States Attorney
Southern District of Texas No. 3458120
Texas Bar No. 24096362
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone:  (956) 618-8010
Facsimile:  (956) 618-8016
E-mail: Roland.Ramos@usdoj.gov
Attorney for Plaintiff


    *|s|  Cynthia Contreras Gutierrez*
**CYNTHIA CONTRERAS GUTIERREZ**

Southern District of Texas No. 13321
Texas Bar No. 08640550
CONTRERAS GUTIERREZ
AND ASSOCIATES
1302 S. 10th Ave.
Edinburg, Texas 78539
Telephone:  (956) 683-0057
Facsimile:  (956) 683-0059
E-mail:  cynthia@ccglaw.net

_____/s/ Lucia Thompson_
**LUCIA THOMPSON**
Southern District of Texas No. 31612
Texas Bar No. 24025677
PALACIOS, GARZA
& THOMPSON, P.C.
2724 West Canton Road
Edinburg, Texas 78539
Telephone:  (956) 318-0507
Facsimile:  (956) 318-0575
E-mail:  lthompson@pgtlawfirm.com

Attorneys for Defendant, Martha Mendoza

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2020, a copy of the foregoing was served in accordance with Federal Rules of Civil Procedure.

_s/ Roland D. Ramos_
**ROLAND D. RAMOS**