Case 7:20-cv-00253 Document 28 Filed on 12/17/20 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
December 17, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § VS. § § 2.574 ACRES OF LAND, more or less, IN § STARR COUNTY, TEXAS; OCIEL § MENDOZA; MARTHA N. MENDOZA; § INTERNAL REVENUE SERVICE; and § AMEIDA SALINAS, Starr County Tax § Assessor-Collector, § § Defendants. § | CIVIL ACTION NO. 7:20-cv-00253 |

## OPINION AND ORDER

The Court now considers the "Notice of Disclaimer Executed by Ameida Salinas, Starr County Tax Assessor-Collector."[1] The Court also considers the "Opposed Motion of the United States of America for Order of Immediate Possession."[2] Defendants have been served[3] but have not filed a response and the time for doing so has passed, rendering Plaintiff United States' motion unopposed by operation of this Court's Local Rule.[4] After considering the disclaimer and motion, the record, and relevant authorities, the Court **DISMISSES** Ameida Salinas and **GRANTS** Plaintiff's motion for immediate possession.

---

[1] Dkt. No. 27.
[2] Dkt. No. 26.
[3] Dkt. Nos. 6–7, 22, 24.
[4] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

I.  BACKGROUND

This is an eminent domain case commenced under the Declaration of Taking Act[5] concerning Tract RGV-RGC-9000, which is 2.574 acres of land in Starr County, Texas, as more particularly described in the United States' Schedules C and D (the Subject Property).[6] Plaintiff United States initiated this case on September 1, 2020, with its complaint, declaration, and notice of condemnation.[7] The United States seeks in this case a fee simple interest over the Subject Property,

> subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to the mineral interests of third parties; excepting and reserving to the Grantor all interests in minerals and appurtenant rights for the exploration, development, production and removal of said minerals; Reserving to the owners of the lands identified in the following Warranty Deed with Vendor's Lien Document No. 2009-286148, Official Records of Star County (O.R.S.C.) reasonable access to and from the owners' lands lying between the Rio Grande River and the border barrier through opening(s) or gate(s) in the border barrier between the westernmost mark labeled "Beginning" and easternmost mark labeled "Ending" depicted on the [Schedule E map]; Excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation and maintenance of the border barrier.[8]

The United States intends to use its fee simple interest "to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas."[9] On September 8, 2020, the United States deposited $93,261.00 in estimated just compensation into the Court's registry for the taking.[10] The United States subsequently filed the instant motion

---

[5] *See* 40 U.S.C. §§ 3111–18.
[6] Dkt. No. 1-1 at 5–11.
[7] Dkt. Nos. 1–3.
[8] Dkt. No. 1-1 at 13.
[9] *Id.* at 4.
[10] Dkt. No. 5.

for an order of possession, which is ripe for consideration. However, the Court first turns to Ameida Salinas's disclaimer.[11]

## II. Disclaimer

On December 16, 2020, the United States filed the instant notice of disclaimer. In the disclaimer, Defendant Ameida Salinas, in her capacity as Starr County Tax Assessor-Collector, "disclaims any right, title, claim or interest" in the Subject Property and disclaims any right to just compensation to be paid for the Subject Property and requests to be dismissed from this action.[12]

Under Federal Rule of Civil Procedure 71.1(i)(2), the Court may at any time dismiss an unnecessarily or improperly joined Defendant, or any Defendant that has no interest in the property to be condemned.[13] The Court reviewed the disclaimer and finds it to be duly executed. The Court thus finds good cause for dismissing the disclaimed Defendant from this case and accordingly **DISMISSES** Ameida Salinas, Starr County Tax Assessor-Collector from this case and instructs the Clerk of the Court to terminate this Defendant as a party to this case.

## III. Motion for Immediate Possession

"The United States moves for an order requiring all defendants to this action and all persons in possession or control of the [Subject Property] to immediately surrender possession of the condemned estate to the United States."[14] The United States requests the Court grant its motion "on an expedited basis"[15] and argues that it has already incurred over $1 million in delay costs.[16] However, the Executive Order directing the United States to acquire border property

---

[11] Dkt. No. 27.
[12] Dkt. No. 27-1 at 1.
[13] Fed. R. Civ. P. 71.1(i)(2); *see id.* advisory committee's note to 1951 amendment ("[T]he court may at any time drop a defendant who has been unnecessarily or improperly joined as where it develops that he has no interest.").
[14] Dkt. No. 26 at 1.
[15] *Id.* at 2, ¶ 2.
[16] *Id.* at 5, ¶ 10.

issued in January 2017[17] and Congress appropriated funds for the taking in February 2019.[18] The United States' delay until November 2020 to file its motion for possession is not within the Court's control and its "delay in acting upon orders to acquire property and construct a border barrier do not create an emergency for this Court."[19] The Court has repeatedly expressed its dissatisfaction with the United States' requests for expedited relief.[20] The United States is not entitled to expedited relief, and should cease requesting such relief without good cause.

Nevertheless, under the Declaration of Taking Act, because the United States filed the appropriate documentation and deposited estimated just compensation for the taking, the United States is entitled to immediate possession of the fee simple interest over the Subject Property as described above.[21] The Court **GRANTS** Plaintiff's motion[22] and **ORDERS** all people or entities in possession or control of the Subject Property to surrender such possession or control to the extent it interferes or is inconsistent with the United States' fee simple interest granted by this order.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 17th day of December 2020.

_____
Micaela Alvarez
United States District Judge

---

[17] Exec. Order No. 13,767, 82 Fed. Reg. 8,793 (Jan. 25, 2017).
609, 3 C.F.R. § 586 (1971–1975), reprinted as amended in 3 U.S.C. § 301 app. at 404–07 (2006).
[18] Consolidated Appropriations Act, 2019, Pub. L. No. 116-6, div. A, title II, 133 Stat. 13, 17 (2019).
[19] *United States v. 0.227 Acres of Land*, No. 7:20-cv-77 (S.D. Tex. July 17, 2020), Dkt. No. 18 at 3 (Alvarez, J.).
[20] *See United States v. 11.580 Acres of Land*, No. 7:20-cv-165 (S.D. Tex. Sept. 3, 2020), Dkt. No. 14 at 2 (Alvarez, J.) ("The United States files identical motions for immediate possession in nearly every land condemnation case before this Court, none of which provide any argument as to the immediacy of the motion.").
[21] 40 U.S.C. § 3114(b)(1) ("On filing the declaration of taking and depositing in the court, to the use of the persons entitled to the compensation, the amount of the estimated compensation stated in the declaration, title to the estate or interest specified in the declaration vests in the Government."); *see Kirby Forest Indus. v. United States*, 467 U.S. 1, 5 (1984) ("Title and right to possession thereupon vest immediately in the United States."); *United States v. Miller*, 317 U.S. 369, 381 (1943) ("The purpose of the statute is . . . to give the Government immediate possession of the property . . . .").
[22] Dkt. No. 26.