United States District Court
Southern District of Texas

**ENTERED**

September 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | CIVIL ACTION NO. 7:20-cv-00253 |
| 2.574 ACRES OF LAND, more or less, in | § | |
| STARR COUNTY, TEXAS; OCIEL | § | |
| MENDOZA; and INTERNAL REVENUE | § | |
| SERVICE, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court now considers the parties' "Joint Stipulation of Revestment."[1]

Plaintiff United States commenced this eminent domain case under Public Law 107-217[2] on September 1, 2020, to take Tract RGV-RGC-9000, which is a 2.574-acre parcel of land specifically designated by metes and bounds.[3] On September 8, 2020, the United States deposited $93,261 in the registry of the Court as estimated just compensation pursuant to Federal Rule of Civil Procedure 71.1(j)(1) and 40 U.S.C. § 3114(b).[4] During the pendency of this case, the Court dismissed all Defendants except for landowner Ociel Mendoza and the Internal Revenue Service.[5] All remaining parties have now jointly stipulated to "the revestment of interests taken" in this case.[6]

---

[1] Dkt. No. 40.
[2] Act of Aug. 21, 2002, ch. 31, Pub. L. No. 107-217, 116 Stat. 1062 (codified at 40 U.S.C. §§ 3111–18); *see* Act of Feb. 26, 1931, ch. 307, Pub. L. No. 71-736, 46 Stat. 1421 (codifying 40 U.S.C. § 258a, now 40 U.S.C. § 3114); *United States v. Dow*, 357 U.S. 17, 22 (1958) (calling these provisions the "Declaration of Taking Act").
[3] *See* Dkt. No. 1-1 at 6–7.
[4] Dkt. No. 5; *see* Dkt. No. 1-1 at 16 (estimating $93,261 to be just compensation).
[5] Dkt. Nos. 10, 12, 28, 34.
[6] Dkt. No. 40 at 1.

In the stipulation, the parties move the Court to return the entire $93,261 to "F & A Officer, USAED, Fort Worth."[7] As the Court recently discovered, this cryptic recipient is the "Finance and Accounting Officer [of the] U.S. Army Engineer District" and is an agent of the United States.[8] Although the Court would ordinarily ensure that some sum compensate Defendant Mendoza for the United States' temporary interference with his property,[9] neither Defendant Mendoza nor Defendant IRS request any compensation.[10] Accordingly, the Court finds good cause in the parties' request that the Court enter an order reflecting their stipulation of revestment and closing the case.[11] The Court **GRANTS** the parties' stipulation[12] subject to the terms that appear in the Court's final judgment. Upon entry of the final judgment, this case will terminate.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 27th day of September 2021.

_____
Micaela Alvarez
United States District Judge

---

[7] *Id.* at 3, ¶ 7.
[8] *United States v. 2.6433 Acres of Land, more or less, in Hidalgo Cnty.*, No. 7:08-cv-302, Dkt. No. 173 at 2 (S.D. Tex. Sept. 21, 2021) (Alvarez, J.).
[9] *See* FED. R. CIV. P. 71.1(i)(1)(C); *Ark. Game & Fish Comm'n v. United States*, 568 U.S. 23, 33 (2012).
[10] *See* Dkt. No. 40 at 3, ¶ 7.
[11] *Id.* at 3, ¶ 11.
[12] Dkt. No. 40.